**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ASSIGNED CLAIMS LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-CV-01133-O** |
| | § | |
| **METROPOLITAN LIFE INSURANCE COMPANY** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**OPINION & ORDER**

Before the Court is Defendant's Unopposed Motion for Entry of Default Judgment as to Third-Party Defendants Martinez and Byrd and Agreed Motion for a Final Judgment. ECF No. 22. After considering the Motion, pleadings, and applicable law, the Court finds that Defendant's Motion for Entry of Default Judgment as to Third-Party Defendants Martinez and Byrd (ECF No. 22) should be, and is hereby, **GRANTED**.

## I. BACKGROUND[1]

On August 26, 2025, Assigned Claims LLC ("Plaintiff") filed a complaint against Metropolitan Life Insurance Company ("Defendant") in Tarrant County small claims court to recover a portion of David M. Roberson's ("Decedent") life insurance benefits payable under the Ford Motor Company Group Life and Disability Insurance (the "Plan").[2] Plaintiff alleges that Third-Party Defendant Dana S. Martienz ("Martinez") assigned $6,572.00 of the life insurance policy. On October 10, 2025, Defendant filed a notice of removal to federal court under 29 U.S.C.

[1] Unless otherwise noted, the Court's recitation of the facts is taken from Defendant's Unopposed Motion for Default Judgment against Precious Byrd. *See* Def.'s Mot. Default J., ECF No. 22.
[2] Def's Notice of Removal, Ex. B (Pl.'s Compl.), at 7–20, ECF No. 1.

§ 1132(e)(1) and 28 U.S.C. § 1331 because the claims to the life insurance benefits are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq.[3]

Defendant does not dispute that $34,149.75 in death benefits are payable after Decedent's death. However, Defendant could not determine the proper beneficiary of the Plan, so Defendant filed its Answer (ECF No. 6) and a Counterclaim and Third-Party Complaint in Interpleader (ECF No. 5). Defendant added Decedent's daughters, Martinez and Precious Byrd ("Byrd"), as well as Elva Williams ("Williams"), who claimed to be Decedent's wife at the time of his death. Decedent's daughters challenged the validity of Williams's and Decedent's marriage at the time of his death. Decedent died on March 11, 2025, and did not designate a beneficiary of the Plan. As a result, disputes arose as to the proper beneficiary of the Plan.

On December 9, 2025, Martinez was personally served with a summons and Defendant's Third-Party Complaint in Interpleader (ECF No. 11), and on December 12, 2025, Byrd was also personally served with a summons and Defendant's Third-Party Complaint in Interpleader (ECF No. 12). Martinez and Byrd have not filed an answer or otherwise responded to Defendant's Third-Party Complaint in Interpleader.

On June 10, 2026, Defendant filed a Request for Clerk's Entry of Default (ECF No. 20), and the Clerk entered Default on June 10, 2026 (ECF No. 21). Defendant then filed a Motion for Entry of Default Judgment under Federal Rule of Civil Procedure 55.[4] The Motion is ripe for the Court's review.

[3] Def's Notice of Removal, ECF No. 1.
[4] Mot. for Default J., ECF No. 22.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and subsequent default judgments. The Court's entry of default judgment entails three prerequisites. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, the defendant must default by failing to plead or otherwise respond to the complaint within the time required by the Federal Rules. *Id.* Next, the Clerk must enter default when the plaintiff establishes default by affidavit or otherwise. *Id.*; *see also* FED. R. CIV. P. 55(a). Last, the plaintiff must ask the Court for entry of a default judgment. *N.Y. Life Ins.*, 84 F.3d at 141; *see also* FED. R. CIV. P. 55(b)(2).

A court has broad discretion to enter a default judgment, but it is considered "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). It is reserved for instances "when the adversary process has been halted because of an essentially unresponsive party." *Id.*

In deciding whether to grant a default judgment, the Court must decide three questions. First, the Court considers whether entry of default judgment is procedurally appropriate by weighing a list of six factors: (1) whether there are disputed material issues of fact; (2) whether a good-faith mistake or excusable neglect caused the default; (3) whether there has been substantial prejudice; (4) the harshness of a default judgment; (5) whether the grounds for a default judgment are clearly established; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Second, the Court assesses the merits of the plaintiff's claims and the sufficiency of the complaint. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There

must be a sufficient basis in the pleadings for the judgment entered."). At the default-judgment stage, the well-pleaded factual allegations "need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[D]etailed factual allegations are not required." *Id.* (alteration in original) (quotation marks and citation omitted). A defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu*, 515 F.2d at 1206.

Third, the Court resolves any remaining issues regarding the amount of damages, if any, and other requested relief. *Vela v. M&G USA Corp.*, No. 17-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020).

## III. ANALYSIS

### A. Entry of default judgment is procedurally appropriate.

Having weighed the six *Lindsey* factors, the Court determines that granting default judgment is procedurally warranted. *See* 161 F.3d at 893. First, due to Martinez's and Byrd's non-responsiveness to the instant lawsuit, no material issues of fact have been disputed. Second, there is no evidence to suggest that Martinez's and Byrd's failure to defend this action arises from a good-faith mistake or excusable neglect. Third, Martinez's and Byrd's failure to appear causes substantial prejudice to Plaintiff because it prevents Plaintiff from receiving expeditious relief. *See United States v. Fincanon*, No. 7:08-cv-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that defendant's failure to respond brought the adversary process to a halt and prejudiced plaintiff's interests). Fourth, Martinez and Byrd were properly served, mitigating the harshness of a default judgment. Fifth, the grounds for default judgment are clearly established. Sixth, and finally, although Martinez and Byrd have not challenged default in this case, the Court is presently

unaware of any "good cause" to set aside the default if it is later attacked. *See Lindsey*, 161 F.3d at 893 (citing FED. R. CIV. P. 55(c)).

**B. The pleadings establish a viable claim for relief.**

Before a default judgment may be entered, the Court must assess the merits of Plaintiff's claim and the sufficiency of its complaint. Plaintiff establishes a viable claim for relief arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff properly alleges entitlement of Decedent's life insurance Plan benefits against Defendant, the issuer of the Plan benefits.[5] Plaintiff also established entitlement to a portion of the Plan based on an Irrevocable Assignment and Irrevocable Reassignment by Martinez, assigning 6,572.00 to Plaintiff.[6] Moreover, Defendant's Interpleader action properly interpleaded alleged beneficiaries of the Plan to resolve their disputes before disbursing the Plan's funds.[7] Finally, Williams has also established that she is the surviving spouse of the Decedent and is therefore entitled to the Plan's benefits.[8] Williams further contends that Defendant shall pay Assigned Claims a portion of the Plan benefits.[9] Therefore, the Court finds that Plaintiff and Defendant have presented facts sufficient to support an entry of default judgment.

**C. Plaintiff and Defendant are entitled to the requested relief.**

A default judgment is appropriate when default has been entered against a party because the party has failed to respond or otherwise defend against the complaint and the party seeking to enforce the default judgment applies to the court for relief. FED. R. CIV. P. 55(b)(2). Here the Clerk of Court has entered default against Martinez and Byrd.[10] Martinez and Byrd are not minors,

[5] Def's Notice of Removal, Ex. B, at 7–20, ECF No. 1.
[6] *Id.* at 8.
[7] Def.'s Countercl. Third-Party Compl. Interpleader, ECF No. 5.
[8] Elva Williams Ans. 2, ECF No. 16.
[9] *Id.*
[10] Clerk's Entry of Default, ECF No. 21.

incompetent persons, individuals in military service, or government officers. Martinez and Byrd did not appear and did not have a representative appear on their behalf. Based on the foregoing, Defendant requests that the Court enter a default judgment against Third-Party Defendants Martinez and Byrd. As such, the Court finds that default judgment is appropriate.

## IV. CONCLUSION

For the forgoing reasons, the Court **GRANTS** Defendant's Unopposed Motion for Default Judgment against Dana S. Martinez and Precious Byrd (ECF No. 22).

All court costs are taxed against Defendant.

**SO ORDERED** on this **18th day** of **August 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE